UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYANT T. PRATT,

        Plaintiff,

   v.

B. HEDRICK; et al.,

        Defendants.

No. C 13-4557 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Ryant T. Pratt, an inmate formerly incarcerated at Salinas Valley State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint and dismissed it with leave to amend to cure some pleading deficiencies. Pratt then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his *original* complaint, Pratt complained of disciplinary proceedings based on CDC-115 rule violation reports issued on June 18, 2013 and August 19, 2013, the loss of his television set, and retaliation. The court dismissed the complaint with leave to amend. With regard to the disciplinary decisions, the court instructed Pratt that he needed to (1) identify the discipline imposed so the court could determine whether any federally protected right to due process was implicated, and (2) identify the procedural protections that were not provided to him. With regard to the loss of the television set, the court explained that § 1983 did not provide a remedy for a random and unauthorized loss of personal property, but that he could try to allege a state law claim under the court's supplemental jurisdiction and link one or more defendants to the

claim. With regard to his allegations of retaliation, the court instructed him as to the elements of a § 1983 retaliation claim.

Pratt then filed an amended complaint, which is now before the court for review. The *amended* complaint alleges the following:

Pratt received an "exaggerated" CDC-115 for battery on an inmate on June 18, 2013 for an incident that he categorizes as "horseplaying." Docket # 7 at 2. Chief disciplinary officer B. Hedrick and captain V. Solis upgraded the disciplinary charge to battery on an inmate with serious bodily injury based on a false written diagnosis made by Dr. Adams and "ignored all facts" on the CDC-115 that stated that the incident was not a battery, let alone one with serious bodily injury, thus violating the preponderance of the evidence standard of the 14th Amendment. *Id.* at 3. Pratt presented evidence that the other inmate's serious bodily injury had been sustained in another incident on June 20. *Id.* Pratt appeared before the institutional classification committee that included Hedrick and Solis, and was given a 15-month SHU term. *Id.* Hearing officer R. Martinez threatened Pratt in an unspecified manner on July 19, 2013 because Pratt "would not sign a waiver form," *id.* at 4, and Pratt was found guilty without a preponderance of the evidence because Martinez "refuse[d] to see the evidence in [Pratt's] favor." *Id.* at 5. On September 10, 2013, correctional counselor Medina interviewed Pratt regarding his appeal of the disciplinary charge; Medina "failed to fully document the statements made" by Pratt and another inmate. *Id.* at 6.

On August 10, 2013, J. Collier confiscated Pratt's television due to the 30-day loss of privileges that had been imposed earlier. On August 18, 2013, when the loss-of-privileges period ended, Pratt's television was not returned to him because staff could not find it. They could not find it "because J. Collier 'hid' [Pratt's] TV." *Id.* at 5.

On August 19, 2013, Pratt received a CDC-115 for making a "threat of force and violence against a staff" based on an accusation by J. Collier made after Pratt accused him of hiding the television. *Id.* at 5-6. Pratt was found guilty and placed on another 30-day loss of privileges and received a 9-month SHU term. *Id.* at 6.

2

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Disciplinary Proceedings For June 18 Incident: Liberally construed, the amended complaint states a cognizable due process claim against defendants Hedrick, Solis, and Martinez based on the alleged insufficiency of the evidence to support the disciplinary decision that resulted in, among other things, a 15-month term in the SHU. Defendants Hedrick and Solis allegedly upgraded the disciplinary charge based on a false written information and allegedly imposed discipline without sufficient evidence. Defendant Martinez also found Pratt guilty without sufficient evidence. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974). A claim is not stated against Dr. Adams for allegedly making a false statement because Pratt does not allege that he was deprived of the *Wolff* protections at the disciplinary hearing. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). A claim is not stated against defendant Medina for failing to fully document Pratt's version of the events because the procedural protections constitutionally required, *see Wolff*, 418 U.S. at 564-66, 570, do not include a right to have a prison official fully document a prisoner's statements on appeal.

<u>Disciplinary Proceedings For August 10 Incident</u>: Even with liberal construction, the amended complaint does not state a cognizable due process claim against any defendant for the disciplinary proceedings for the August 10 incident. Although Pratt was given a 9 months SHU term and presumably had a right to due process, he has not identified any constitutionally-required procedural protections that he did not receive and did not link any defendant to the claim.

<u>Lost TV</u>: Pratt alleges that Collier deliberately hid his television "to hurt" Pratt and therefore violated his Eighth Amendment rights. The Eighth Amendment claim fails as a matter of law because the deprivation of a television does not amount to cruel and unusual punishment. Plaintiff did not plead supplemental jurisdiction over his state law claim for a lost television and therefore must pursue his state law claim for a lost television in state court.

<u>Retaliation</u>: The amended complaint fails to state a claim against anyone for retaliation. Pratt alleges that Martinez ruled against him because of an incident involving staff in December 1999 when Martinez was a sergeant. Docket # 7 at 5. That allegation does not state a claim for retaliation because there is no allegation as to what the 1999 incident was that allegedly prompted the retaliation, or any indication as to what occurred in 2013 that suggested that the defendant's adverse action was because of prior protected conduct or that such action chilled the plaintiff's exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (First Amendment retaliation claim entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional of litigation and its docket. *Id.* (citations omitted)).

**CONCLUSION**

1.  The amended complaint, liberally construed, states a cognizable claim under § 1983 against acting chief deputy warden B. Hedrick, captain V. Solis, and lieutenant R. Martinez for violating plaintiff's right to due process. All other claims and defendants are dismissed.

4

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following three defendants, all of whom apparently work at Salinas Valley State Prison: acting chief deputy warden B. Hedrick, captain V. Solis, and lieutenant R. Martinez.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **December 12, 2014**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 9, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 23, 2015**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own

evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 10, 2014

_____
SUSAN ILLSTON
United States District Judge

6