UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYANT T. PRATT,

    Plaintiff,

v.

B. HEDRICK; et al.,

    Defendants.
                                       /

No. C 13-4557 SI (pr)

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

Ryant T. Pratt filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 alleging that his right to due process had been violated because the evidence was insufficient to support a prison disciplinary decision against him. Defendants now move to dismiss the action as barred by the *Heck* rule because the disciplinary decision was not set aside before this action for damages was filed. Pratt opposes the motion. For the reasons discussed below, the motion to dismiss will be denied and a briefing schedule will be set for any motion for summary judgment.

## BACKGROUND

The amended complaint alleges the following: Pratt received an "exaggerated" CDC-115 for battery on an inmate on June 18, 2013 for an incident that he categorizes as "horseplaying." Docket # 7 at 2. Chief disciplinary officer B. Hedrick and captain V. Solis upgraded the disciplinary charge to battery on an inmate with serious bodily injury based on a false written diagnosis made by Dr. Adams and "ignored all facts" on the CDC-115 that stated that the incident was not a battery, let alone one with serious bodily injury, thus violating the

1  preponderance of the evidence standard of the 14th Amendment. *Id.* at 3. Pratt presented
2  evidence that the other inmate's serious bodily injury had been sustained in another incident on
3  June 20. *Id.* Pratt appeared before the institutional classification committee that included
4  Hedrick and Solis and was given a 15-month term in the security housing unit ("SHU"). *Id.*
5  Hearing officer R. Martinez threatened Pratt in an unspecified manner on July 19, 2013 because
6  Pratt "would not sign a waiver form," *id.* at 4, and Pratt was found guilty without a
7  preponderance of the evidence because Martinez "refuse[d] to see the evidence in [Pratt's]
8  favor." *Id.* at 5. Pratt requested "relief and money damages." *Id.* at 7.

## DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended by* 275 F.3d 1187 (9th Cir. 2001). In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

B.  Defendants' Deficient Request For Judicial Notice

In connection with their motion to dismiss, defendants request the court to take judicial notice of five documents generated by prison officials. The documents are the CDC-115 for the June 18, 2013 incident (Exhibit A); a memorandum from Dr. Adams to officer Harrington (Exhibit B); a memorandum from defendant Solis to a facility captain (Exhibit C); the CDC-115

2

issued after the rehearing on the disciplinary charge (Exhibit D); and a CDCR printout entitled "court commitment," which appears to have Pratt's conviction and time-credit history on it (Exhibit E). Defendants describe all the exhibits as being "authenticated," Docket # 15 at 2-3, but none of them are.

The court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The CDCR's records of disciplinary charges against an inmate, memoranda written between prison officials, and internal records pertaining to an inmate's time credits do not appear to be judicially noticeable documents because they are subject to reasonable dispute. None of the cases cited by defendants in their request for judicial notice authorize judicial notice of these kinds of prison documents. *Brown v. Valoff*, 422 F.3d 926, 931 n.7 (9th Cir. 2005), did take judicial notice of a CDCR document, but it was the Department Operations Manual, which is an official publication of the CDCR and quite different from an individual inmate's records and internal memoranda among prison officials.

The judicial notice process is not the normal way to present documentary evidence. It is reserved for the very narrow category of evidence that is not subject to reasonable dispute. None of defendants' exhibits fit in that category. The request for judicial notice is DENIED. (Docket # 15.) Even though the documents are not judicially noticeable, they can be presented as attachments to a declaration from a person with personal knowledge of them, or from a custodian of records if they are business or public records.

C.   Defendant's *Heck* Argument Fails

Defendants argue that this action should be dismissed as barred by the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994) because Pratt is "pursuing a 42 U.S.C. § 1983 claim as a means of contesting the rule-violation conviction that altered the length of his sentence, but he has failed to successfully challenge the conviction under 28 U.S.C. § 2254." Docket # 14 at 2. However, as the court explains next, Pratt need not first file a habeas petition to challenge the

3

disciplinary decision because his credit forfeiture will not necessarily affect the length of his sentence.

The *Heck* case held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. *See Heck,* 512 U.S. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence is invalid.

The *Heck* rule was soon expanded to apply to certain prison disciplinary decisions. *Heck* bars a claim of unconstitutional deprivation of time credits when such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement by affecting the duration of the plaintiff's sentence. *See Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003). *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

The Ninth Circuit recently resolved some ambiguities as to when a prison disciplinary challenge had to be brought in a habeas action and when such a challenge had to be brought in a civil rights action. In *Nettles v. Grounds*, No. 12-16935 (9th Cir. May 28, 2015), the court held that "relief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody, which *Skinner[v. Switzer*, 562 U.S. 521, 533-34 (2011)] suggested would include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." *Nettles*, slip op. at 18. Earlier Ninth Circuit cases indicating "that the writ of habeas corpus may extend to claims that, if successful, would merely be likely to or have the potential to lead to a speedier release" were "superceded by the Supreme Court's rulings." *Id.* at 19. *Nettles* stands for the proposition that, to be cognizable in habeas, a claim has to necessarily accelerate release – not just likely or

4

1 merely potentially accelerate release – from confinement if successful. *See id.* at 15, 18.

2 *Nettles* applied its necessarily-accelerate-release rule to an indeterminately sentenced life prisoner who sought restoration of 30 days of lost time credits and expungement of the rule violation report that led to the loss of time credits. *See Nettles*, slip op. at 20. *Nettles* determined that habeas jurisdiction was not established because neither form of relief would necessarily accelerate the prisoner's release from prison, or terminate his custody, or reduce his level of custody. *See id.* at 20-24. Significantly, it could not be determined that the restoration of time credits would necessarily affect the duration of the prisoner's confinement because he had not yet been found suitable for parole and it was unknown what his term would be if he was at some future date found suitable for parole. *Id.* at 23-24. "Without knowing how many years Nettles will serve before the Board finds him suitable for parole or the length of his base term, we cannot conclude that restoration of the lost good-time credits would *necessarily* affect the duration of Nettles's confinement if and when the Board finds him suitable for parole." *Id.* at 24. The court also rejected the argument that habeas jurisdiction existed because the expungement of the rule violation report would remove "roadblocks to parole" suitability; although the rule violation report "will likely have some effect on the Board's consideration, there is no basis for concluding that the expungement of this report from the record will 'necessarily spell speedier release'" or reduce his level of custody. *Id.* at 22.

Turning to the case at hand, the amended complaint does not allege, and there is no document judicially noticeable that proves, that the loss of time credits will necessarily affect the duration of Pratt's confinement. Pratt has not alleged such an effect. Even if the court overlooks the defects as to the manner of presentation, several documents submitted by the parties suggest that Pratt could not allege that the loss of time credits will necessarily affect the duration of his confinement. *See, e.g.,* Docket # 15-1 at 36 and Docket # 19-4 at 5 ("program review" form dated September 12, 2013 lists Pratt's minimum eligible parole date as June 4, 2084); Docket # 19-4 at 6 (SHU term assessment worksheet dated September 12, 2013 lists Pratt's SHU term as 15 months, with September 18, 2014 as the maximum date of release from the SHU); Docket # 15-5 at 7-8 ("court commitment" form apparently showing Pratt returning

5

1 to a full work assignment on June 17, 2014). Assuming arguendo that the court could consider
2 these prison-generated documents at the motion to dismiss stage, regardless of whether Pratt lost
3 90 days or 360 days of credits as a result of the rule violation report,[1] Pratt is in the same
4 situation as the *Nettles* plaintiff: he is an indeterminately sentenced prisoner not yet found
5 suitable for parole and for whom a base term has not yet been set. It cannot be said that the
6 removal of the rule violation report or the restoration of time credits will necessarily result in an
7 earlier release date for Pratt. *See Nettles*, slip op. at 20-24. And any award of damages will not
8 necessarily result in an earlier release date.

9 The *Heck* favorable termination requirement is not applicable, and the prisoner can bring
10 a § 1983 claim, when the prisoner "challenge[s] administrative determinations that did not 'raise
11 any implication about the validity of the underlying conviction' or 'necessarily' affect 'the
12 duration of time to be served,' because such a challenge 'raise[s] no claim on which habeas relief
13 could have been granted on any recognized theory.'" *Nettles*, slip op. at 16 n.6 (quoting
14 *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (per curiam)). Under *Nettles* and
15 *Muhammad*, Pratt cannot challenge the disciplinary decision in a habeas action because
16 restoration of the time credits will not necessarily result in a speedier release date. His due
17 process claim belongs in a civil rights action.

18 Lastly, there is the more difficult question presented by the SHU term imposed on Pratt
19 as part of his discipline. *Nettles* discussed whether habeas jurisdiction existed for a second
20 prisoner who sought expungement of a gang validation and release from a SHU placement that
21 had been imposed upon the gang validation. *See Nettles* slip op. at 24-28. Habeas jurisdiction
22 exists for a prisoner who seeks "expungement of an incident from his disciplinary record when
23 that would lead to speedier release from disciplinary segregation" that imposes a greater
24 quantum of custody than otherwise exists in general population *Id.* at 26. Here, any SHU term

---

[1] Pratt attached to his opposition to the motion to dismiss a document showing that the CDC-115 for the June 18, 2013 incident was reissued and reheard in June 2014. At the rehearing, Pratt was found not guilty of the charge of battery with serious bodily injury but guilty of the lesser charge of battery, for which he was assessed a 90-day credit forfeiture. *See* Docket # 19-9 at 4 (Pratt's Exhibit G).

6

to which Pratt was subjected as a result of the disciplinary decision for the June 18, 2013 incident ended in either June or September 2014, according to the documents submitted by Pratt. Habeas jurisdiction may have been present at the time Pratt first filed this action in October 2013 due to his placement in the SHU, but that placement has since ended and there no longer is a basis for habeas jurisdiction. It is not in the interest of justice to dismiss this action so that plaintiff may immediately refile it as another civil rights action and incur a second filing fee of $350.00.

Habeas jurisdiction is absent for Pratt. He must pursue his claim in a civil rights action. *See Muhammad v. Close*, 540 U.S. at 754-55. Dismissal is not the proper course because Pratt is now well advanced on the only route available to him in federal court to challenge the prison disciplinary decision.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and request for judicial notice are DENIED. (Docket # 14, # 15.)

In order to move this action toward resolution, the court now sets the following briefing schedule for motions for summary judgment: Defendants' motion for summary judgment or other dispositive motion must be filed and served no later than **September 4, 2015**. Plaintiff's opposition to the motion for summary judgment or other dispositive motion must be filed and served on defense counsel no later than **October 2, 2015**. Defendants' reply brief, if any, must be filed and served no later than **October 16, 2015**.

Plaintiff is cautioned to read the notice and warning about summary judgment motions contained at pages 5-6 in the order of service. Defendants are reminded that they must serve a new *Rand* notice at the time they file their motion for summary judgment.

IT IS SO ORDERED.

Dated: June 23, 2015

_____
SUSAN ILLSTON
United States District Judge